UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAWN BAGLER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. EDCV 11-0485-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On March 27, 2011, Lashawn Bagler ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on June 29, 2011. On September 12, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

## BACKGROUND

Plaintiff is a 40 year old female who protectively filed an application for Social Security Disability Insurance benefits and Supplemental Security Income benefits on March 27, 2008, alleging disability beginning December 11, 2007. (AR 11.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 13.)

Plaintiff's claims were denied initially on September 3, 2008, and on reconsideration on December 3, 2008. (AR 11.) Plaintiff filed a timely request for hearing, which was held on November 23, 2009, in San Bernardino, California, before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. (AR 39-61.) Medical expert Dr. Samuel Landau[1] and vocational expert ("VE") Sandra M. Fioretti appeared and testified at the hearing. (AR 11.) Plaintiff appeared and testified at the hearing without representation by counsel. (AR 11.)

The ALJ issued an unfavorable decision on January 6, 2010. (AR 11-21.) The Appeals Council denied review on February 24, 2011. (AR 1-5.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the only disputed issue that Plaintiff raises as a ground for reversal and remand is as follows:

1. Whether the ALJ has properly assessed Plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

---

[1] Dr. Landau appeared and testified via telephone.

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing

past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[2] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 11, 2007, the alleged onset date. (AR 13.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: diabetes mellitus, type 1, poorly controlled, with

---

[2] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

peripheral neuropathy and retinopathy; treated burns of the feet because of peripheral neuropathy; and recurrent hospitalization for diabetic ketoacidosis (DKA). (AR 13.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 14.)

The ALJ next found that Plaintiff has the RFC to perform light work, with the following limitations:

> Specifically, the claimant can lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk for one hour out of an eight-hour workday, 10 to 15 minutes at a time; use a cane, as needed; sit for eight hours out of an eight-hour workday, with normal breaks such as every two hours; and can climb stairs. The claimant is precluded from climbing ladders, working at heights, or balance. The claimant cannot operate foot pedals or controls.

(AR 14.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's symptoms are inconsistent with the above RFC.

At step four, the ALJ determined that Plaintiff is unable to perform any of her past relevant work as actually or generally performed. (AR 19.) The ALJ, however, did find that there were other jobs existing in significant numbers in the national economy that Plaintiff can perform, including check cashier, optical assembler, and order clerk in food and beverage. (AR 19-20.)

Hence, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 21.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility to the extent her alleged symptoms are inconsistent with the ALJ's RFC. The ALJ's RFC is

supported by substantial evidence and properly and sufficiently incorporates Plaintiff's subjective pain symptoms.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ's RFC "takes into account the benign objective findings but also generously considers the claimant's subjective complaints." (AR 18.) In particular, the ALJ, acknowledging Plaintiff's subjective pain symptoms, limited Plaintiff to standing and walking for only one hour total in an eight hour workday, only 10 to 15 minutes at a time with the assistance of a cane. (AR 14.) Nonetheless, Plaintiff contends that her pain prevents her from working at all. In essence, she challenges the ALJ's RFC based on her subjective pain symptoms. The ALJ, however, presented clear and convincing reasons supported by substantial evidence for discounting Plaintiff's symptoms to the extent inconsistent with the ALJ's RFC. The RFC is supported by substantial evidence.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for

doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 15.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible to the extent they are inconsistent with the above residual functional capacity assessment." (AR 15.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

Plaintiff is incorrect that the ALJ's adverse credibility decision was based on only two reasons. The ALJ gave four reasons for discounting Plaintiff's credibility as to her subjective pain symptoms. The ALJ found that Plaintiff's pain symptoms are inconsistent with the objective medical evidence, with her conservative treatment, and with her daily activities and that there was noncompliance with her medications.

First, the ALJ determined that there was no objective medical evidence to support Plaintiff's symptoms or justify greater restrictions than those assessed in the RFC. (AR 15-18.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting Plaintiff's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ gave great weight to the opinion of medical expert Dr. Samuel Landau who reviewed all the medical evidence in the record, determined Plaintiff's impairments, and provided the RFC adopted by the ALJ. (AR 15, 18.) The ALJ also noted the RFC of Dr. Jacobs and State agency review physicians, all of whom concluded that Plaintiff was able to work. (AR 16-18.)

The ALJ noted that "[t]here is no medical source statement of functional limitations from any treating source." (AR 19.) Plaintiff does not dispute any of this medical evidence.

Plaintiff's contention that the ALJ did not cite inconsistency with the objective medical evidence as a reason for discounting Plaintiff's credibility is plainly untrue. In support of his adverse credibility determination, the ALJ states that he "reviewed and considered all of the admitted medical evidence" (AR 15) and then provides a thorough summary of the medical evidence. The ALJ concludes that the objective evidence is "consistent with a determination that the claimant could do work with the limitations noted herein" and that "<u>the objective medical evidence does not support the alleged severity of symptoms</u>." (AR 18 (emphasis added).)

The ALJ's second reason for rejecting Plaintiff's credibility is Plaintiff's routine, conservative medical treatment (AR 15), which is a valid basis for discounting a claimant's credibility. <u>Parra</u>, 481 F.3d at 750-51. Plaintiff never mentions conservative treatment and apparently overlooked the ALJ's reliance on this ground.

Third, the ALJ cites daily activities inconsistent with the inability to work. (AR 15.) Specifically, the ALJ found as follows:

> The claimant testified she could not perform too many activities during the day because she felt weak. She described some light cooking and cleaning during the day when she felt better. She stated that she would occasionally visit her mother. Although the claimant's activities of daily living were somewhat limited, some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment and are inconsistent with the presence of an incapacitating or debilitating condition. The undersigned finds that the claimant's ability

>to participate in such activities diminishes the credibility of the claimant's allegations of functional limitations.

(AR 15.)

Plaintiff argues that the activities cited above do not show she can work but the ALJ's RFC based on Dr. Landau's testimony only requires her to stand and/or walk for an hour a day, 10 to 15 minutes at a time with the use of a cane. Plaintiff challenges this RFC assessment, asserting that Dr. Landau based it "on the medical records, with no accounting for Mrs. Bagler's pain." (JS 11.) Plaintiff's assertion is false. The ALJ opinion specifically states that he prefers Dr. Landau's opinion over that of other physicians because it not only takes into account the benign objective findings but also "generously considers the claimant's subjective complaints." (AR 18.) Indeed, Dr. Landau's RFC is more restrictive than that of Dr. Jacobs. (AR 16.) The ALJ's interpretation of the evidence is reasonable and should not be second guessed. Rollins, 261 F.3d at 857 (ALJ's interpretation if it is reasonable should not be second guessed).

The ALJ's fourth reason for discrediting Plaintiff's credibility does not withstand analysis. The ALJ cites treatment records that allegedly show Plaintiff failed to follow treatment recommendations. (AR 15.) Specifically, the claimant was hospitalized in August 2008 with diabetic ketoacidosis due to non-compliance with her medications. (AR 15.) The ALJ asserts:

>This demonstrates a possible unwillingness to do that which is necessary to improve his [sic] condition. It also may be an indication that his [sic] symptoms as not as severe as he [sic] purports.

(AR 15.)

This overly sweeping, harsh judgment is not supported by substantial evidence. The Commissioner has conceded that there was but one such incident in the administrative record. (JS 15.) His assertion that a pattern of such behavior "could" explain why Plaintiff's diabetes is poorly controlled (JS 16) is speculation — there is no evidence of any pattern.

Additionally, the ALJ found that Plaintiff's hospitalization occurred because she ran out of her insulin. (AR 16.) This one incident does not prove that Plaintiff is able to work, and is not a clear and convincing reason for discounting Plaintiff's credibility.

Even rejecting this reason, the ALJ's overall credibility determination remains valid because the other three reasons were adequately supported. Carmickle v. Comm'r, Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's error was harmless and inconsequential to the ultimate nondisability determination. Stout v. Comm'r, Soc. Sec. Adm., 454 F.3d 1050, 1055 (9th Cir. 2006).

Plaintiff's final attack on the ALJ's RFC based on credibility is that the RFC "must be assessed first, and in this case the RFC did not account for being off task for pain." (JS 21.) This is another version of Plaintiff's earlier argument that the ALJ's RFC only addresses exertional limitations, not pain. Plaintiff also cites Kilbourne v. Astrue, 2011 WL 2495688, at *3 (D. Or. June 23, 2011), which states: "An ALJ must consider a claimant's credibility in the course of assessing a claimant's RFC, not after doing so." The simple answer to these arguments, as already noted, is that Dr. Landau did take Plaintiff's subjective symptoms into account in assessing a more restrictive RFC than other physicians who considered only the medical evidence. (AR 18.) The ALJ adopted Dr. Landau's RFC, which fully considered Plaintiff's subjective pain symptoms and incorporated appropriate restrictions.

The ALJ did not err in discounting Plaintiff's subjective symptoms. The ALJ's RFC is supported by substantial evidence. The ALJ opinion is affirmed.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and this case be dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 29, 2011                     /s/ John E. McDermott
                                             JOHN E. MCDERMOTT
                                             UNITED STATES MAGISTRATE JUDGE